[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Darrell Haggard entered a plea of no contest to a single count of possession of marijuana, a fifth-degree felony, in violation of R.C. 2925.11(A), subsequent to the trial court's overruling of his motion to suppress. He was found guilty and sentenced to confinement in the department of corrections for six months. The sentencing entry was journalized on March 13, 2001. The record shows that no stay of execution of sentence was granted.
In appellant's first assignment of error, he contends that the trial court erred when it overruled his motion to suppress. The investigating officer testified that after complaints were received from neighbors about excessive vehicle traffic and possible drug transactions taking place at a particular house, he placed himself in a position to observe, from a parked vehicle, as inconspicuously as possible, the house in question. The officer was a two-year member of an undercover drug unit in the Cincinnati Police Division. He testified that several vehicles arrived and left and that he saw the appellant. The appellant came out of the house with a black handbag, emptied the contents into a garbage bag in the trunk of his car, and returned the black bag to a woman waiting at the front door of the house. The officer testified that what had been emptied into the trunk was a rather large transparent plastic bag which, to the officer, appeared to contain marijuana. The appellant then drove off, and the officer followed. The appellant's vehicle was stopped, and the officer told the appellant that he was conducting an investigation at the house the appellant had just left. The officer smelled marijuana and asked the appellant if he had any on his person. The appellant gave the officer a small amount in a small plastic bag that he took from his sock. The officer asked if he had any more, to which appellant replied that he did not. The officer then asked for and was given permission to search appellant's vehicle. Because it was a station wagon, the officer could see the garbage bag into which the suspected marijuana had been emptied through the window. Marijuana was recovered from two plastic bags: one batch weighed 429.2 grams and the other weighed 13.4 grams.
Our review of the trial court's decision entails a two-step inquiry: (1) with respect to the trial court's findings of the historical facts, we review the findings for clear error, giving due weight to reasonable inferences drawn from those facts; and (2) we must determine whether the historical facts, viewed from the standpoint of an objectively reasonable police officer, amounted to reasonable suspicion or probable cause.[1]
At a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact.[2] We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.[3] A search conducted pursuant to consent is constitutional where the consent has been freely and voluntarily given.[4]
We find no error in the trial court's determination of the facts or its application of the relevant legal standards. The officer had probable cause to stop appellant based upon his personal observation that appellant had engaged in an unlawful drug transaction.[5] Moreover, the trial court was entitled to believe the testimony of the officer, the only witness to appear at the suppression hearing, that there was a strong odor of marijuana and that the appellant had voluntarily retrieved the marijuana from his sock and consented to the search of his vehicle.[6] Further, our review of the record convinces us that there was an appropriate basis for the trial court's determination that the consent to search had been voluntarily given.[7] Accordingly, appellant's first assignment of error is overruled.
In appellant's second assignment of error, he contends that the trial court improperly sentenced him to a period of incarceration "instead of considering community control." When an appeal challenges the length of a completed felony sentence, that challenge must be held moot because no relief can be granted to alter the effect of the sentence already served.[8] This contrasts with an appeal where a criminal defendant challenges the adjudication of guilt. It is now accepted, as a general rule, that the completion of the sentence does not render the latter challenge moot.[9] As appellant's second assignment of error challenges only a period of incarceration that appears to have already been fully served, thus precluding this court from providing any meaningful relief, it is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See Ornelas v. United States (1996), 517 U.S. 690, 698-700,116 S.Ct. 1657, 1661-1663.
[2] See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972,982, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583,584.
[3] See State v. Guysinger (1993), 86 Ohio App.3d 592, 594,621 N.E.2d 726, 727.
[4] See Schneckloth v. Bustamonte (1973), 412 U.S. 218, 249,93 S.Ct. 2041, 2059; State v. Wright (Feb. 14, 1996), Hamilton App. No. C-950250, unreported.
[5] See State v. Yett (Mar. 12, 1999), Hamilton App. No. C-980435, unreported.
[6] See State v. Hollins (Mar. 30, 2001), Hamilton App. No. C-000344, unreported.
[7] See id.
[8] See State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189, unreported.
[9] See State v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, syllabus.