The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1992), 80 Ohio App.3d 542.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60323.

Decided June 5, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *John A. Clough,* Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

JAMES D. SWEENEY, Judge.

Defendant-appellant, Montell Williams, was charged under the drug law in violation of R.C. 2925.11, and of possession of criminal tools in violation of R.C. 2923.24. On July 10, 1990, the jury returned a verdict of guilty, and on July 24, 1990, the judge sentenced appellant to a term of six months' incarceration on each count, to run concurrently. Appellant was also ordered to pay costs.

Appellant timely filed his appeal, and set forth eight assignments of error. No stay of execution of sentence pending appeal is indicated in the record.

Absent any contrary facts in the record, this court presumes regularity and assumes the appellant completed his sentence.

The Supreme Court set forth the test for mootness under these circumstances in *State v. Berndt* (1987), 29 Ohio St.3d 3, 4, 29 OBR 173, 174, 504 N.E.2d 712, 713:

"This court has held that '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The burden of presenting evidence that he has such a 'substantial stake in the judgment of conviction' is upon the defendant. *Id.* at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights."

Appellant in the case *sub judice* has not presented any evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights. Therefore, this appeal is dismissed as moot.

This cause is dismissed.

*Appeal dismissed.*

Francis E. Sweeney, J., concurs.

Ann Dyke, P.J., dissents.

Dyke, Presiding Judge, dissenting.

I respectfully dissent. The law does not compel this court to dismiss the appeal of a felony conviction as moot.

The two cases in which the Ohio Supreme Court has set forth its test for mootness where the appellant has served his or her sentence are *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, and *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712. Both of these cases are factually distinct from the case at issue here.

*Wilson* was an appeal from a first degree misdemeanor conviction. The appellant was convicted of carrying a concealed weapon, a three-inch straight razor, under R.C. 2923.12. By the time his appeal reached the appellate court he had paid his fines and court costs.

The appellant in *State v. Berndt* was convicted of operating a motor vehicle while under the influence of alcohol. The trial court sentenced the appellant to six months' incarceration and a fine of $1,000. The sentence was then suspended except for three days of incarceration and $150 of the fine. He had served his sentence and paid his fine before his appeal reached the appellate court. Driving under the influence of alcohol is a first degree misdemeanor. R.C. 4511.19 and 4511.99.

The appellant herein was convicted of a fourth degree felony offense under R.C. 2923.24, possession of criminal tools. The difference between misdemeanor and felony convictions is a factually and legally relevant distinction.

The previous cases in which this court dismissed the appeals as moot were not based upon felony convictions.

*State v. Pence* (Apr. 28, 1988), Cuyahoga App. No. 53918, unreported, 1988 WL 39314, was an appeal from an assault conviction under R.C. 2903.13, carrying a six-month suspended sentence and a fine of $500, $450 of which was also suspended. Appellant served his one-year probation and paid the $50 fine and costs. Assault is a first degree misdemeanor. R.C. 2903.13(C). Pence's appeal was dismissed as moot.

*State v. Andrews* (Oct. 27, 1988), Cuyahoga App. No. 54573, unreported, 1988 WL 114497, was an appeal from a conviction for carrying a concealed weapon, in violation of R.C. 2923.12. This offense is a first degree misdemeanor unless the weapon is a firearm, under certain conditions, or a dangerous ordnance, or if the offender has previously been convicted of violating this section or any violent offense. There is nothing in this court's opinion to indicate that the facts were such in *Andrews* to render the offense a third degree felony under R.C. 2923.12(D). However, it is safe to assume that Andrews was convicted of a misdemeanor based upon the sentence of one year, suspended. R.C. 2929.11 mandates a minimum sentence of two years, thirty months, three years, or four years for third degree felony convictions. Under R.C. 2929.21 the maximum definite term of incarceration for a first degree misdemeanor is six months. Andrews was not sentenced to a definite term of any length.

*State v. Tell* (Aug. 23, 1990), Cuyahoga App. No. 56971, unreported, 1990 WL 121322, involved a conviction under R.C. 2923.12, carrying a concealed weapon, a loaded gun. *Tell* is ambiguous as to whether the conviction was based upon a misdemeanor or felony. On the one hand, the opinion states that the firearm was loaded, a condition which would render the offense a third degree felony. On the other hand, the sentence given to Tell was one year of probation, indicating that the offense was likely a misdemeanor. Either the gun was not really loaded, or was inoperable, or Tell was mis-

sentenced. If we are to presume regularity in the proceeding and sentencing, then this court must assume that the offense of which he was convicted is a misdemeanor. In that case, *Berndt* and *Wilson* apply to render his appeal moot.

One other case has been cited by our court in support of the mootness rule. *State v. Julious* (Feb. 6, 1985), Hamilton App. No. C–840372, unreported, 1985 WL 9310, was an appeal from a conviction under R.C. 2925.03(A)(2), trafficking in drugs. Julious was sentenced to concurrent terms of sixty days' incarceration and sixty days' probation. Given the wide range of penalties based upon different kinds of drugs a defendant can be charged with trafficking, we can only assume that the drug involved was marijuana based upon the term of Julious's sentence. Trafficking in marijuana constitutes a felony of the fourth degree unless the amount involved is twenty grams or less. Because the minimum term for a fourth degree felony is one half, one, one and a half or two years, the presumption arises that the amount involved was less than twenty grams. If that was the case, the offense would constitute a minor misdemeanor, or a third degree misdemeanor for a subsequent offense. R.C. 2925.03(E)(5). The maximum sentence for a third degree misdemeanor is sixty days.

Because of the misdemeanor offenses involved, all of the cases cited fell within the law as set forth by *Wilson* and *Berndt.* In the case at issue here, the conviction on appellant's record is for a felony offense. This fact places him in a different position than those appellants who carry only convictions for misdemeanors.

The Supreme Court in *Wilson* requires that before an appeal is dismissed as moot there be "no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction." *State v. Wilson,* 41 Ohio St.2d at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. Based upon this language, the issue of mootness would not even arise in this case. A convicted felon faces known legal consequences based upon his felony conviction.

For example, Ohio's Revised Code mandates stiffer sentencing guidelines for convicted felons. R.C. 2941.142 mandates actual incarceration for certain felonies. R.C. 2941.143 prohibits a court from sentencing anyone to an indefinite term unless he or she has a prior conviction for an offense of violence or he or she has caused physical harm or made a threat of physical harm to any person with a deadly weapon during the offense currently charged. Under R.C. 2929.12 the court considers the factors listed in determining the minimum term of imprisonment for a felony. One of the factors listed is the offender's history. Depending upon the charge, anyone with a

felony conviction on his or her record faces greater legal consequences if he or she ever faces another conviction than someone who has a misdemeanor on record.

Under Evid.R. 609(A), the present law is Ohio allows the use of a prior conviction to impeach a witness "only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment * * *." Evid.R. 609(A). Unless the misdemeanor fell into the second category of convictions, a misdemeanor conviction would not be available for use to impeach a witness. On the other hand, anyone with a felony conviction will be vulnerable to an attack on cross-examination if he or she ever testifies, whether in their own or another's behalf. This is clearly a legal consequence which a convicted felon will face which most persons with misdemeanor records will not.

R.C. 2961.01 sets forth the civil rights of convicted felons. Although the law in Ohio now allows felons to exercise voting privileges after they are granted probation, parole or a conditional pardon, felons still face a loss of certain civil rights. A convicted felon may not serve as a juror, or "hold an office of honor, trust, or profit." R.C. 2961.01 pertains only to convicted felons and does not affect persons with misdemeanor convictions.

Finally, R.C. 2923.13 imposes a disability on certain felons, prohibiting them from carrying firearms. Because the disability is concerned with prior convictions which involve violence or drugs, this statutory consequence would not fall upon the appellant in this case. However, R.C. 2923.13 is an example of a legal consequence which would affect some felons but very few misdemeanor offenders.

The Ohio Supreme Court in *Berndt* and *Wilson* has placed the burden on the appellant to put forward evidence that he or she would suffer from some legal disability based upon his or her conviction, in order to avoid a dismissal of his or her appeal. This court has followed the Supreme Court's requirement that the appellant carry the burden to show a disability. See *State v. Pence, supra; State v. Andrews, supra;* and *State v. Tell, supra.* However, each of these cases is asking an appellant convicted of a misdemeanor to show that a disability exists. In this case we are dealing with a felony conviction. Evidence of disabilities is clear from a cursory glance through the Ohio Revised Code. It would seem ludicrous not to acknowledge these disabilities and require an appellant challenging a felony conviction to point them out to this court.

The United States Supreme Court has done away with the appellant's burden completely. Statutory disabilities have been recognized by the United

States Supreme Court in *Fiswick v. United States* (1946), 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; *United States v. Morgan* (1954), 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; *Pollard v. United States* (1957), 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; and *Sibron v. New York* (1968), 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. In summarizing the facts of these cases, the court set forth its view on the burden to show a disability:

"With nothing more than citations to *Morgan* and *Fiswick*, and a statement that 'convictions may entail collateral legal disadvantages in the future,' *id.,* [*Pollard v. United States,* 352 U.S.] at 358 [77 S.Ct. at 484, 1 L.Ed.2d at 397]; the Court concluded that '[t]he possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits.' *Ibid.* The Court thus acknowledged the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences. The mere 'possibility' that this will be the case is enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.' *Parker v. Ellis,* 362 U.S. 574, 577 [80 S.Ct. 909, 911, 4 L.Ed.2d 963, 966] (1960), (dissenting opinion)." (Footnote omitted.) *Sibron v. New York,* 392 U.S. at 55, 88 S.Ct. at 1898–1899, 20 L.Ed.2d at 930.

Although the law in Ohio governing an appellant's burden, or lack thereof, has not extended so broadly to encompass all criminal cases, it can reasonably be interpreted to apply to felony convictions. The possibility of adverse legal consequences is great enough to preclude the necessity of having the appellant put forward evidence of them.

The appeal in this case should not be dismissed. The appellant clearly has a " 'substantial stake in the judgment of conviction' " and " 'will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *State v. Berndt,* 29 Ohio St.3d at 4, 29 OBR at 174, 504 N.E.2d at 713, quoting *State v. Wilson* 41 Ohio St.2d at 236–237, 70 O.O.2d at 431–432, 325 N.E.2d at 236–237.

I, therefore, respectfully dissent.