OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Golston, Appellant.
[Cite as State v. Golston (1994),    Ohio St.3d    .]
Appellate procedure -- Criminal procedure -- Appeal
     challenging felony conviction not moot even if entire
     sentence has been satisfied before the matter is heard on
     appeal.
A person convicted of a felony has a substantial stake in
     the judgment of conviction which survives the satisfaction
     of the judgment imposed upon him or her. Therefore, an
     appeal challenging a felony conviction is not moot even if
     the entire sentence has been satisfied before the matter
     is heard on appeal. (State v. Wilson [1975], 41 Ohio
     St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, and State v.
     Berndt [1987], 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d
     712, distinguished; State v. Williams [1992], 80 Ohio
     App.3d 542, 609 N.E.2d 1307, disapproved.)
     (No. 93-1632 -- Submitted November 2, 1994 -- Decided
December 20, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
62857.
     On February 13, 1991, Otis Golston III, appellant, was
indicted on two counts of motor vehicle grand theft in
violation of R.C. 2913.02 (felonies of the third degree), and
two counts of possession of criminal tools in violation of R.C.
2923.24 (felonies of the fourth degree). The events giving
rise to the indictment involved "key switch" scams whereby
appellant had allegedly posed as a customer at two car
dealerships in Euclid, Ohio, test-drove a vehicle at each
dealership, kept the keys to the vehicle, handed the
salesperson a different set of keys, and later stole the
vehicles from the dealerships by using the stolen keys.
     In October 1991, appellant was tried before a jury. The
jury found appellant guilty of all charges in the indictment.
On October 29, 1991, the trial court sentenced appellant on the
two counts of motor vehicle grand theft (counts one and three)

and the two counts of possession of criminal tools (counts two and four). At the sentencing hearing, appellant requested that he be released on bond pending appeal. The trial court denied appellant's motion. The final judgment entry imposing sentence was filed on November 4, 1991.

On December 2, 1991, appellant appealed to the court of appeals, seeking reversal of his convictions and sentences. However, on June 14, 1993, the court of appeals dismissed appellant's appeal, stating, in part:

"A review of the record indicates that Golston was sentenced by the trial court to a term of one and one-half years each on counts one and three, and a term of one year each on counts two and four, counts two and four to run concurrent with count one. * * * The one and one-half year sentences on counts one and three are deemed to be served concurrently since the trial court did not specify otherwise. * * *

"In the present case, there is no stay of execution in the record. Therefore, Golston's effective total sentence of eighteen months was served from November 4, 1991, to May 4, 1993. Additionally, Golston has not presented in the case sub judice 'any evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights.' State v. Williams (Cuyahoga 1992), 80 Ohio App.3d 542, 543, [609 N.E.2d 1307] * * *. This appeal is therefore dismissed as moot. Id."

The cause is now before this court upon the allowance of a motion for leave to appeal.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Craig T. Weintraub, Assistant Prosecuting Attorney, for appellee.

American Civil Liberties Union of Ohio Foundation, Inc., and William M. Saks, for appellant.

Douglas, J.      This court has held that where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. See State v. Wilson (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, and State v. Berndt (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712.

In Wilson, supra, a defendant pled "no contest" to a charge of carrying a concealed weapon, a three-inch straight razor. Carrying such a concealed weapon is a misdemeanor of the first degree. See R.C. 2923.12. The defendant was found guilty of the charge, and assessed a fine and costs, which the defendant promptly paid. Thereafter, the defendant, through counsel, appealed to the court of appeals. The court of appeals dismissed the appeal as moot. Upon further appeal, this court affirmed the judgment of the court of appeals, finding that the defendant had failed to establish that he had any substantial stake in his conviction that may have survived the payment of the fine and costs. Id. at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. We held that "[w]here a defendant,

convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." Id. at syllabus. We concluded that the burden of presenting evidence that the defendant has such a "substantial stake in the judgment of conviction," is upon the defendant. Id. at 237, 70 O.O.2d at 432, 325 N.E.2d at 237.

In Berndt, supra, a criminal defendant was convicted for operating a motor vehicle while under the influence of alcohol, a misdemeanor of the first degree. See R.C. 4511.19 and 4511.99. The defendant pled guilty to the charge. Upon acceptance of the plea, the court sentenced the defendant to six months' incarceration and imposed a fine of $1000, of which all but three days and $150 were suspended. The defendant voluntarily served his sentence and paid the fine. Thereafter, the defendant appealed to the court of appeals, which addressed the merits of the appeal. In Berndt, this court, applying Wilson, supra, held that the court of appeals should have dismissed the appeal as moot since the defendant had not established that he would suffer some collateral disability or loss of civil rights resulting from his conviction. Id. 29 Ohio St.3d at 4-5, 29 OBR at 174, 504 N.E.2d at 713-714.

In the case at bar, appellant appealed to the court of appeals seeking reversal of his felony convictions. The court of appeals dismissed the appeal as moot since appellant had already served his sentence and had offered no evidence demonstrating that he would suffer some collateral legal disability or loss of civil rights stemming from the challenged convictions. In so holding, the court of appeals relied upon Williams, supra, 80 Ohio App.3d 542, 609 N.E.2d 1307, an Ohio appellate decision which applied the law of Wilson and Berndt to an appeal from a felony conviction. We find that the court of appeals erred in this regard. We hold that the test for mootness outlined in Wilson and Berndt applies only to appeals from misdemeanor convictions.

The Ohio Revised Code contains numerous examples of restrictions imposed upon convicted felons. See, generally, Williams, supra, 80 Ohio App.3d at 543-547, 609 N.E.2d at 1308-1310 (Dyke, P.J., dissenting). For instance, a convicted felon is denied the privilege of serving as a juror, and may never hold an office of "honor, trust, or profit." See R.C. 2961.01. A convicted felon is also statutorily precluded from engaging in certain occupations and professions. See, e.g., R.C. 4738.07(D), 4751.10(D) and 4749.03. Moreover, in addition to the various statutory disabilities imposed upon those convicted of a felony, the infamy and disgrace resulting from a felony conviction seriously affects a person's reputation and economic and social opportunities in our society. The same stigma does not ordinarily attach to those who have been convicted of misdemeanor offenses.

Given the numerous adverse collateral consequences imposed upon convicted felons, it is clear to us that a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a

felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.  The collateral legal consequences associated with a felony conviction are severe and obvious.  Thus, a convicted felon, who has completed his or her sentence during the pendency of an appeal from the felony conviction, need not present evidence that he or she will suffer some collateral legal disability or loss of civil rights in order to maintain the appeal.  In this regard, we specifically disapprove of Williams, supra, 80 Ohio App.3d 542, 609 N.E.2d 1307, which improperly extended the rule of Wilson and Berndt to cases involving appeals from felony convictions.

As a final matter, we note that appellant was convicted of a felony in 1989.  Obviously, that conviction predated his convictions in the case at bar.  In this vein, appellee urges that since appellant has a prior felony record, appellant will suffer no collateral disabilities resulting from the convictions he seeks to challenge in this appeal.  We disagree.  Appellant's statutory right to seek expungement of the 1989 felony conviction will necessarily be lost if appellant is unable to successfully obtain reversal of his 1991 felony convictions.  Further, in our judgment, appellant's interest in clearing his name in this case by seeking reversal of the 1991 felony convictions is enough to establish the existence of a justiciable controversy.

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to that court for reinstatement of appellant's appeal.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent.

Francis E. Sweeney, Sr., J., dissenting.   I respectfully dissent.  While I agree with the majority that a convicted felon may succumb to certain statutory disabilities resulting from a felony conviction, I am unwilling to follow the majority's logic that a convicted felon, simply because of his status, automatically suffers adverse collateral consequences.

In my opinion, in order to maintain an appeal a convicted felon must present evidence that he or she will in fact personally suffer some collateral disability or loss of civil rights from such judgment or conviction.  Therefore, I would approve the decision of State v. Williams (1992), 80 Ohio App.3d 542, 609 N.E.2d 1307, as applied to the facts of this case.

Resnick, J., concurs in the foregoing dissenting opinion.