On this appeal from a verdict and sentence following a trial before Judge Chris Boyko, I concur in the majority on assignments of error one and three, but respectfully dissent on assignment two because, while I agree that the sentence was not supported by the requisite findings, I would find the issue moot.
The record shows that Bailey was incarcerated for these offenses since June 1997, and must have finished serving his two-year prison term at or near June 15, 1999, the time of sentencing after his second trial. He had already served 162 days by December 10, 1997, when he was sentenced after the first trial and conviction and, in his second sentencing, journalized on June 15, 1999, the judge gave him credit for time served to date including time in institution. A separate notation in the record further clarifies the judge's intention to give credit for all time served since June 1997.
There is nothing that shows Bailey requested or was granted a stay of his sentence, or that he was released for any reason prior to his June 15, 1999 sentencing. Between December 10, 1997 and June 15, 1999 he served 552 days (21 days from December 10, 1997 through December 31, 1997; 365 days from January 1, 1998 through December 31, 1998; and 166 days from January 1, 1999 through June 15, 1999). When added to the 162 days served prior to December 10, 1997, Bailey had served 714 days of his 730-day (365 X 2) sentence by the time the second sentence was journalized.
Because this court did not grant him a stay pending appeal of that sentence, Bailey must have served the remainder of his sentence by now, and any remand for resentencing will be moot. While a defendant can appeal a felony conviction after serving his full sentence. State v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, syllabus, Bailey only challenges his sentence in this assignment, and not the underlying conviction. The fact that he has already served the sentence renders the issue moot. State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189, unreported.