I respectfully dissent because, in my view, this appeal is moot.
In his first assignment of error, Sharp challenges the jurisdiction of the common pleas court to determine whether or not he violated his community control sanctions, and in the second and third assignments of error he contests the subsequent imposition of sentence. Regardless of whether the court acted correctly in its decision to do so, there can be no question that the trial court did have jurisdiction to consider the issue of whether Sharp violated community control.
Sharp did not file a timely appeal from the court's decision to impose sentence on the underlying felony conviction, nor did he seek a stay of imposition of that sentence pending this appeal; further, he is not challenging his conviction for possession of drugs. Rather, he now appeals only the court's jurisdiction and its imposition of the sentence he already served.
In its opinion, citing to State v. Golston, 71 Ohio St.3d 224,1994-Ohio-109, 643 N.E.2d 109, the majority correctly recognizes this issue when it states:
The Ohio Supreme Court has held that, regardless of whether a defendant has served an entire sentence for a felony conviction, an appeal of the conviction itself does not become moot because of the obvious civil disabilities attendant to acquiring the status of a `felon.' (Emphasis added.)
Two important clarifications are necessary here: one, Sharp is not appealing his conviction; and two, he only challenges the court's jurisdiction to find him in violation of community control sanctions and the imposition of a sentence which he has already served.
Several courts have addressed this precise issue. For example, in State v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160, the defendant challenged an imposition of a sentence following violation of community control sanctions; the court there concluded the defendant's appeal to be moot, reasoning that he had already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue. That court further noted:
 If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.
Accord State v. Yopp, Ashtabula App. No. 2001-A-0039, 2002-Ohio-2073 (This court cannot grant any relief to appellant following the completion of the sentence because the underlying conviction is not at issue.).
Likewise, in State v. Smith, Lake App. No. 2000-L-195, 2002-Ohio-1330, the court stated:
 While a defendant can appeal a felony conviction after serving his full sentence, appellant only challenges his sentence on appeal. Because appellant did not request a stay pending the outcome of this appeal of his sentence, he must have served the remainder of his sentence by now. `No relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue.' [Citation omitted.] In the instant appeal, the issues raised by Sharp, challenging the court's jurisdiction and the imposition of sentence, are moot because he has completed his sentence and the relief he seeks cannot be granted.
I would therefore dismiss this appeal as moot.