DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ricardo Ambriez, was indicted for burglary, a violation of R.C. 2911.12(A)(4) and a felony of the fourth degree, and intimidation of a witness, a violation of R.C. 2921.04(B), and a felony of the third degree. He was convicted of both counts after a jury trial in the Lucas County Court of Common Pleas, and on January 14, 2003, he was sentenced to 12 months for burglary and 24 months for intimidation of a witness. The sentences were ordered the run consecutively for a total of 36 months. This court affirmed the convictions, but reversed the sentences and remanded for resentencing for compliance with R.C.2929.14(E)(4) and State v. Comer (2003), 99 Ohio St.3d 463. State v.Ambriez, 6th Dist. No. L-03-1051, 2004-Ohio-5230.
 {¶ 2} On November 23, 2004, appellant appeared for resentencing and the trial court again imposed consecutive sentences with appellant to serve a total of 36 months. From that sentence, appellant now raises two assignments of error:
 {¶ 3} "I. Assignment of Error I: The trial court's imposition of consecutive sentences violates appellant's Sixth Amendment rights and the mandates of Blakely v. Washington.
 {¶ 4} "Assignment of Error II: Ambriez received ineffective assistance of counsel due to his trial counsel's failure to properly object to the trial court's imposition of consecutive sentences."
 {¶ 5} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and requires the trial court to find the existence of at least three statutory factors before imposing consecutive sentences. In his first assignment of error, appellant argues that the trial court only briefly recited the statutory factors and failed to state any facts or reasons in support, thus ignoring State v. Comer, supra. Appellant also argues that the trial court impermissibly relied upon facts not found by a jury, in order to impose consecutive sentences, in violation of his Sixth Amendment rights pursuant to Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 6} Upon a remand for resentencing, a trial court must still comply with all statutory requirements and the requirements of Comer, supra, in order to impose consecutive sentences. State v. Moore (2005),161 Ohio App.3d 778, 802. Accord, State v. Balwanz, 7th Dist. No. 04BE32, 2005-Ohio-2955, ¶ 22, stating, "Regardless of the thoroughness of the trial court's original sentencing findings on this issue, however, the trial court was required to completely resentence appellant on remand. A sentencing remand requires the trial court to reassess and/or reiterate the requisite maximum sentencing findings in order for it to reimpose the maximum terms." Thus, whether maximum or consecutive sentences are imposed, where the trial court states the statutory factors of R.C. 2929.14(E)(4), but fails to state reasons in support of those factors, the trial court has failed to comply with Comer.
 {¶ 7} However, upon review, we conclude that we need not address the merits of appellant's appeal, because we must dismiss the matter for mootness.
 {¶ 8} Regarding the mootness of issues in criminal cases, the Ohio Supreme Court has held: "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. (State v. Wilson (1975),41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, and State v. Berndt
(1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712, distinguished; Statev. Williams (1992), 80 Ohio App.3d 542, 609 N.E.2d 1307, disapproved.)"State v. Golston (1994), 71 Ohio St.3d 224, syllabus.
 {¶ 9} The defendant in Golston was subject to post-release control. Here, there is no mention of the imposition of post-release control upon appellant at either the first or second sentencing hearing. Golston was meant to clarify the Ohio Supreme Court's decision in State v. Wilson
(1975), 41 Ohio St.2d 236, which held: "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." Id. at syllabus.
 {¶ 10} In this appeal, appellant only challenges his sentence and not his convictions. Appellant was initially sentenced on January 14, 2003. He was given credit at that hearing for 227 days already served. From that, we can infer that appellant had been incarcerated for his convictions since approximately May 31, 2002. Appellant's appeal was not heard until September 22, 2005; thus, from all indications in the record, appellant has completed his sentence. There is no indication that appellant will suffer any collateral disability or loss of civil rights from the imposition of consecutive sentences. As in State v. Blivens,
(Sept. 30, 1999), 11th Dist No. 98-L-189, we distinguish the instant case from Golston since appellant was not subjected to post-release control. See also id. at 2, stating "an appeal challenging the actual felonyconviction itself is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." Here, however, appellant only challenges the length of his sentence.
 {¶ 11} Accordingly, the questions presented by this appeal are moot as the relief sought can no longer be granted, and the appeal is hereby dismissed sua sponte.
 {¶ 12} Appellant and appellee are each ordered to pay one half the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.