DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Melissa Strohl, pled guilty to one count of theft, a felony of the fifth degree and a violation of R.C.2913.02(A)(1). The Wood County Court of Common Pleas, upon receipt of her guilty plea, sentenced appellant to a term of nine months incarceration after finding that a minimum sentence would demean the seriousness of her conduct and fail to adequately punish her. Appellant was also ordered to pay restitution in the amount of $300 and was advised that she may be subject to post-release control.
 {¶ 2} Appellant filed a sole assignment of error challenging her sentence:
 {¶ 3} "THE IMPOSITION OF AN ABOVE THE MINIMUM TERM OF INCARCERATION WAS CONTRARY TO LAW AND UNSUPPORTED BY THE FINDINGS AND RECORD."
 {¶ 4} The record, including appellant's presentence investigation report, demonstrates that appellant had not previously been sentenced to a term of incarceration. At the time of her sentencing, the trial court was required to reference R.C.2929.14(B) when it imposed a term of incarceration greater than the minimum term set by R.C. 2929.14(A)(5). Thus, appellant's sentence was impacted by the recent decision in State v. Foster
(2006), ___ Ohio St.3d ___, 2006-Ohio-856, which found R.C.2929.14(B) unconstitutional as violative of the Sixth Amendment principles set forth in Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466.
 {¶ 5} Since the sentencing court relied upon an unconstitutional statute, appellant's sentence is void and contrary to law. Ordinarily, we would remand for resentencing in accordance with the non-severed sentencing statutes. State v.Foster, supra, at ¶ 104; State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729; State v. Lauharn, 6th Dist. No. L-05-1218, 2006-Ohio-1233.
 {¶ 6} However, we must sua sponte conclude that this appeal is moot.
 {¶ 7} "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. (State v. Wilson (1975), 41 Ohio St.2d 236, and State v.Berndt (1987), 29 Ohio St.3d 3, distinguished; State v.Williams (1992), 80 Ohio App.3d 542, disapproved.)" State v.Golston (1994), 71 Ohio St.3d 224, syllabus.
 {¶ 8} Since appellant only challenges the length of her term of incarceration and not the underlying conviction, we need not hear the appeal if "no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Ambriez, 6th Dist. No. L-04-1382,2005-Ohio-5877, ¶ 9, citing State v. Wilson (1975),41 Ohio St.2d 236, syllabus.
 {¶ 9} The trial court's judgment entry of sentencing was journalized June 10, 2005. As of March 10, 2006, not including credited days for time already served, appellant's sentence would have been completed. The trial court's docket sheet indicates an estimated release date of February 17, 2006. Appellant did not raise error with respect to the imposition of restitution in the amount of $300. Accordingly, the issues presented by this appeal are moot.
 {¶ 10} The judgment of the Wood County Court of Common Pleas is affirmed with respect to the order of restitution and costs, and vacated as to the imposition of incarceration. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed, in part, and Vacated, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.