OPINION
{¶ 1} Defendant, Trevor Crockran, entered a negotiated plea of guilty to attempted domestic violence, R.C. 2923.02 and2919.25, a felony of the fifth degree. On February 4, 2005, the trial court sentenced Crockran to serve a term of imprisonment of eleven months. Crockran filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO MORE THAN THE SHORTEST PRISON TERM AS THE DEFENDANT HAD SERVED NO PRIOR PRISON TERM AND THE SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} The minimum basic prison term for a felony of the fifth degree is six months. R.C. 2929.14(A)(5). The trial court, acting pursuant to R.C. 2929.14(B)(2), imposed an eleven month prison term on a finding that the shortest term would demean the seriousness of Crockran's conduct and not adequately protect the public from future crime by him and others.
 {¶ 4} R.C. 2929.14(B) and the authority it grants courts to impose a sentence greater than the maximum term allowed by statute absent the findings that section prescribes was held unconstitutional in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraph one of the Syllabus by the Court. Any greater sentence imposed pursuant to R.C. 2929.14(B) in cases pending on appeal when Foster was decided is subject to reversal and a remand for resentencing if the defendant complains that the sentence was imposed contrary to law. Id.
 {¶ 5} Defendant Crockran filed his notice of appeal on February 14, 2006. Foster was decided on February 26, 2006. Therefore, Crockran is entitled to the benefit of the holding inFoster on the error he assigns.
 {¶ 6} The State argues that the error Crockran assigns is nevertheless moot because Crockran has completed serving the eleven month sentence the trial court imposed on February 4, 2005. The State relies on State v. Ambriez, Lucas App. No. L-04-1382, 2005-Ohio-5877, which held that where the only challenge a defendant makes on appeal is to the length of his sentence and the sentence has been served, the error assigned is moot. The holding in Ambriez operates as an exception to the rule of State v. Golston (1994), 71 Ohio St.3d 224, that completion of a sentence does not render moot any error in the conviction on which the sentence is based.
 {¶ 7} The record does not reflect that the trial court stayed the eleven month sentence it imposed on February 4, 2005. Because far more than eleven months has since passed, we necessarily presume that Crockran has completed serving his sentence. Therefore, under the holding in Ambriez, the error Crockran assigns concerning the length of his sentence, and any related error under the rule of Foster, is moot.
 {¶ 8} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).