OPINION
{¶ 1} Cory Springs appeals from his conviction in Champaign County of one *Page 2 
count of receiving stolen property and one count of failing to appear, both fourth-degree felonies.
 {¶ 2} Although Springs' counsel filed a brief styled as an "Anders" brief with the court, he asserts the trial court committed error prejudicial to Springs in two respects. In the first assignment, counsel argues that the trial court erred in accepting Springs' pleas of guilty without requesting that Springs answer the court's Crim.R. 11 inquiries under oath. Specifically, counsel argues that the court failed to obtain sworn testimony from Springs concerning whether Springs was satisfied with his counsel's representation of him and whether he was under the influence of alcohol or drugs at the time he was entering his pleas.
 {¶ 3} Crim.R. 11 does not require a defendant to provide sworn testimony when he pleads guilty. In any event, the following occurred during the plea hearing:
 {¶ 4} "Q. Have you talked with your lawyer about this case?
 {¶ 5} "A. Yes, sir.
 {¶ 6} "Q. Do you believe you've been given enough information to make decisions in the case?
 {¶ 7} "A. Yes, sir.
 {¶ 8} "Q. Do you have confidence in your lawyer?
 {¶ 9} "A. Yes, sir.
 {¶ 10} "Q. Are you currently under the influence of alcohol?
 {¶ 11} "A. No. Sir.
 {¶ 12} "Q. Are you currently under the influence of any illegal drug?
 {¶ 13} "A. No, sir. *Page 3 
 {¶ 14} "Q. Have you taken any prescribed medication today?
 {¶ 15} "A. No. Sir.
 {¶ 16} "Q. Would you stand please and raise your right hand.
 {¶ 17} "CORY M. SPRINGS (having been duly sworn by the Court, was examined and testified as follows):
 {¶ 18} "THE COURT: Thank you, you may be seated.
 {¶ 19} "CONTINUING BY THE COURT:
 {¶ 20} "Q. You answered some other questions before you were under oath, now that you're under oath, did you wish to change any of those answers?
 {¶ 21} "A. No. Sir.
 {¶ 22} "Q. So the answer would still be the same even though you're under oath now?
 {¶ 23} "A. Yes, sir."
 {¶ 24} The Appellant's first assignment is without merit. In his second assignment, Springs argues that the trial court imposed the maximum sentence of eighteen months for the fourth-degree felonies after making the judicial fact finding that he committed the worst form of the offense in violation of State v. Foster, 109 Ohio St.3d 1. We agree that the State did make that judicial finding in violation ofFoster.
 {¶ 25} The State argues that Springs' appeal is moot because he completed his sentence on February 23, 2007, taking into account pre-conviction jail time credit.
 {¶ 26} The fact that Springs has completed his felony sentences does not render his appeal moot. State v. Golston ( 1994), 71 Ohio St.3d 224. We have determined that Springs was properly found guilty of the crimes charged against him. Normally, a Foster *Page 4 
violation would require that the defendant be re-sentenced, but re-sentencing would serve no useful purpose since Springs has completed his sentence. The second assignment of error is likewise overruled. The judgment of the trial court is affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1