[Cite as *State v. McCormick*, 2016-Ohio-8009.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Sean McCormick

      Appellant

Court of Appeals Nos. WD-15-078
WD-15-079

Trial Court Nos. 2014CR0027
2014CR0414

**DECISION AND JUDGMENT**

Decided: December 2, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, Sean McCormick, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to one year in prison following his stipulation to having violated the terms of his community control. We affirm.

**A. Facts and Procedural Background**

{¶ 2} In July 2014, appellant was sentenced to three years of community control following his guilty plea to one count of receiving stolen property in case No. 2014CR0027. Two months later, the state filed a petition for revocation of community control, premised upon the allegation that appellant had been charged with committing the crime of robbery in case No. 2014CR0414. Eventually, appellant entered an admission to the community control violation in case No. 2014CR0027, and entered a guilty plea as to the amended charge of attempted robbery in case No. 2014CR0414. The two cases proceeded to sentencing on January 20, 2015.

{¶ 3} At sentencing, the court ordered appellant to serve a three-year term of community control for the attempted robbery charge in case No. 2014CR0414, and extended appellant's prior community control sentence from case No. 2014CR0027 by one year. The court ordered the community control sentences to be served concurrently. As part of its community control sentence in case No. 2014CR0414, the court also ordered appellant to "enter into and successfully complete the SEARCH Program Community Based Correctional Facility (CBCF)."

{¶ 4} Nine months later, the state filed a second petition for revocation of community control. This time, the state alleged that appellant had admitted to his probation officer that he used heroin and cocaine and tested positive for several drugs during a drug screen. Appellant later stipulated to being in violation of the terms and conditions of his community control in case Nos. 2014CR0027 and 2014CR0414, and the

2.

trial court immediately proceeded to sentencing. Ultimately, the court revoked appellant's community control and ordered him to serve one year in prison in both cases, to be served concurrently. Specifically, the court stated: "So I'm going to, in both cases, impose twelve months in Ohio Department of Rehabilitation & Corrections giving him credit for time he has served in SEARCH and in the justice center." In its subsequent entry in case No. 2014CR0027, the court stated:

> [Appellant] is to be given credit for jail time as specified in Ohio Revised Code Section 2967.191. The Court has been advised that the Defendant previously served 112 days in the Wood County Justice Center in this case as of dispositional hearing on November 17, 2015. Therefore the Defendant is hereby granted a total of 112 days of jail time credit in this case as of dispositional hearing on November 17, 2015.

{¶ 5} Regarding jail time credit in case No. 2014CR0414, the court's entry stated:

> [Appellant] is to be given credit for jail time as specified in Ohio Revised Code Section 2967.191. The Court has been advised that the Defendant previously served 114 days in the Wood County Justice Center in this case as of dispositional hearing on November 17, 2015. Further, the Court has been advised that the Defendant previously served 143 days in the SEARCH Program as of November 17, 2015. Therefore the Defendant is hereby granted a total of 257 days of jail time credit in this case as of dispositional hearing on November 17, 2015.

3.

**{¶ 6}** Wishing to challenge the trial court's failure to apply his 143-day period of service in the SEARCH Program toward his prison sentence imposed in case No. 2014CR0027, appellant has filed timely appeals in case Nos. 2014CR0027 and 2014CR0414. On January 7, 2016, we issued an order sua sponte consolidating these appeals.

## B. Assignment of Error

**{¶ 7}** On appeal, appellant assigns the following error for our review:

The trial court committed reversible error when it failed to credit appellant with the total number of days of jail time served.

## II. Analysis

**{¶ 8}** In his sole assignment of error, appellant argues that the trial court erred in failing to credit him 143 days toward his one-year prison sentence in both cases for his service in the SEARCH Program. In opposition, the state argues that the trial court properly omitted any jail time credit for appellant's time in the SEARCH Program for case No. 2014CR0027 because he was never ordered to complete the SEARCH Program in that case. Notably, appellant has already completed his sentence in both cases and has been released from jail. Thus, as a threshold issue, we must consider whether this appeal is moot.

**{¶ 9}** Generally, the trial court's calculation of jail-time credit can be challenged by way of appeal from the court's judgment. *Hughley v. Saunders*, 123 Ohio St.3d 446, 2009-Ohio-5585, 917 N.E.2d 270, and *State ex rel. Rudolph v. Horton*, 119 Ohio St.3d

4.

350, 2008-Ohio-4476, 894 N.E.2d 49. Once a defendant has served his sentence and has been released from prison, however, any error related to the calculation of his jail-time credit is moot. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928. This is so because the issue of jail-time credit relates only to the length of the sentence and not the underlying conviction and, therefore, there is no collateral disability. *State v. Strohl*, 6th Dist. Wood No. WD-05-049, 2006-Ohio-1639, ¶ 8, and *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10.

{¶ 10} An exception to the mootness doctrine exists where the claim is "capable of repetition, yet evading review." *Murphy*, citing *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). We find this exception is not applicable in this case. As we noted in a similar case involving a challenge to the application of jail-time credit to a six-month sentence, "[t]here is a means to challenge the jail-time credit issue even when there is insufficient time to seek a direct appeal. If a defendant seeks immediate release from prison because of an alleged error in the calculation of his jail-time credit, he may seek relief by filing a habeas corpus petition." *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 5, citing *Horton* at ¶ 3.

{¶ 11} In light of appellant's completion of his prison sentence in this case, we find that this appeal is moot. Accordingly, appellant's assignment of error is not well-taken.

5.

## III. Conclusion

**{¶ 12}** Upon consideration, this appeal is hereby dismissed.  Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Stephen A. Yarbrough, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE