[Cite as *State v. Tipton*, 2018-Ohio-1229.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27642 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-472 |
| | : | |
| DAVID TIPTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 30th day of March, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1502, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant David Tipton has served the imposed nine month prison sentence. Since Tipton's sole assignment of error attacks only the prison term, his appeal is moot, and, thus, subject to dismissal.

**Facts**

{¶ 2} Tipton, on May 16, 2017, pleaded guilty to failure to notify in violation of R.C. 2950.05(A) and (F)(1), a third degree felony. The trial court, on May 30, 2017, sentenced Tipton to a nine month prison term granting him thirty-seven days of jail time credit.

**Analysis**

{¶ 3} Tipton's sole assignment of error is as follows:

[TIPTON'S] SENTENCE IS CONTRARY TO LAW BECAUSE THE COURT

DID NOT ADEQUATELY FOLLOW THE REQUISITE STATUTORY

PROCEDURES PRIOR TO IMPOSING SENTENCE.

{¶ 4} Tipton's sentence was not stayed, and, as a result, he has completed the nine month prison term.

{¶ 5} An appeal of an already served sentence is moot. *State v. McCarty*, 2d Dist. Clark No. 2014-CA-70, 2015-Ohio-2877; *State v. Cockran*, 2d Dist. Clark No. 2005-CA-18, 2006-Ohio-3192; *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656 (Dec. 14, 2001).

{¶ 6} The rationale for this conclusion is stated by the 11th District in *State v. Beamon* as follows:

If an individual has already served his prison term, there can be no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, [Beamon's] assertion that the trial court erred in determining the length of that sentence is a moot issue because [Beamon] has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue.

*Beamon*, *1.

{¶ 7} Since Tipton's appeal attacks only his prison sentence and that sentence has been served, the appeal is moot. Accordingly, Tipton's appeal is dismissed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Kristin L. Arnold
Hon. Erik Blaine