[Cite as *State v. Sharifi*, **2019-Ohio-1837**.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SAMUEL D. SHARIFI, | : | Case No. 18 CAA 08 0064 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
                                Court of Common Pleas, Case No.
                                15 CR I 03 0131

JUDGMENT:                       Dismissed

DATE OF JUDGMENT:               May 10, 2019

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CAROL HAMILTON O'BRIEN                  MICHAEL R. DALSANTO
Delaware County Prosecuting Attorney    33 West Main Street, Suite 109
                                        Newark, Ohio 43055
By:  RYAN STICKEL
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

{¶1} Samuel Sharifi appeals the decision of the Delaware County Court of Common Pleas determining that he had violated the terms and conditions of community control and imposing a sentence of twelve months. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} The facts leading to appellant's conviction and incarceration are not relevant to the resolution of this appeal and are therefore omitted.

{¶3} Appellant was convicted of burglary in violation of R.C. 2911.12(B), a felony of the fourth degree. He entered a guilty plea and was admitted into an intervention in lieu of conviction program only to be terminated from that program and subjected to three years of community control. After being placed in community control, the state filed a motion requesting that the trial court revoke community control. After a hearing on the motion, the trial court found that appellant violated the terms of the community control and that the violations were not technical violations. Appellant was sentenced to twelve months in prison and given credit for 141 days on August 1, 2018.

{¶4} Appellant committed acts that violated the terms of his community control, all of which were related to an automobile accident that occurred on March 17, 2018. Detective Brook Wilson was called to the scene of a fatal accident involving appellant. Detective Wilson testified that he concluded appellant was at fault for the accident based upon his reconstruction of the accident, appellant's blood alcohol content of .094 grams by weight of alcohol per one hundred milliliters of whole blood and the presence of a marijuana metabolite in the appellant's blood, the defendant driving the wrong way down a one way street and vague answers given by appellant at the scene. Criminal charges

were filed against appellant arising from this accident. Appellant's blood test also revealed cocaine metabolites in his blood at the time of the accident. The accident occurred between 2:00 AM and 2:30 AM, past appellant's curfew of 10:00 PM.

{¶5} Appellant failed to report the accident or his police contact until April 3, 2018, and failed to disclose the details of the accident, did not disclose that his blood had been tested and he denied alcohol use at a meeting with his probation officer. Appellant admitted possession of marijuana and was in possession during this meeting.

{¶6} Appellant subsequently admitted to not informing his probation officer of police contact immediately or as soon as possible after the contact, that he consumed alcohol on April 3, that he had possession of marijuana and that he violated curfew all of which were violations of the terms of his community control. The trial court found that appellant violated the terms of the community control and that the violations were not technical violations. Appellant was sentenced to twelve months in prison and given credit for 141 days on August 1, 2018.

{¶7} Appellant filed a timely appeal and submitted one assignment of error:

{¶8} "I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S COMMUNITY CONTROL VIOLATION WAS NON-TECHNICAL IN."

### STANDARD OF REVIEW

{¶9} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675 (6th Dist.), ¶ 19, quoting *State v. Bell,* 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist. 1990). "Because a community control revocation hearing is not a criminal trial, the state does not

have to establish a violation with proof beyond a reasonable doubt." *State v. Wolfson,* 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750, 2004 WL 1178724, ¶ 7; see, also, *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 WL 649403; Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist. 1991). "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See *State v. Alderson,* 4th Dist. Meigs No. 98CA12, 1999 WL 713594 (Aug. 31, 1999). Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it. *Id.*" *State v. Hayes,* 6th Dist. Wood No. WD–00–075, 2001 WL 909291 (Aug. 10, 2001). Additionally, the "[d]etermination of the credibility of the witnesses is for the trier of fact." *Ohly, supra* at ¶ 19. See also, *State v. Brank*, 5th Dist. Tusc. No. 2006AP 090053, 2007-Ohio-919, 2007 WL 657704.

**{¶10}** Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion. *Wolfson, supra* at ¶ 8.

**{¶11}** Thus, "the appropriate review in this matter is twofold. First, we review the record to determine whether there is some competent credible evidence to support the court's finding that [the defendant] violated the terms of probation or community control. If so, then we review the sanction under the more deferential abuse of discretion standard. *In the Matter of C.M.C.*, 4th Dist. Washington No. 09CA15, 2009–Ohio–4223, ¶ 17." *State v. Amos*, 4th Dist. Gallia No. 15CA5, 2016-Ohio-917, ¶ 9.

**{¶12}** An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, 2014 WL 602264, ¶ 35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, 2013 WL 5519847, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175, ¶ 54.

**{¶13}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846(1988).

## ANALYSIS

**{¶14}** The trial court imposed a twelve month sentence and gave appellant credit for 141 days, leaving 224 days to be served. Appellant's sentence expired on March 14, 2019 and should no longer be incarcerated for this offense, rendering the assignment of error moot.

**{¶15}** "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.,* 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); Accord, *North*

*Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

{¶16} Ohio courts exercise judicial restraint in cases that are not actual controversies. *Fortner v. Thomas, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372(1970)*. No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt,* 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶17} The Tenth Appellate District observed:

The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." Id. "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving

opinions on abstract propositions and to avoid the imposition by judgment

of premature declarations or advice upon potential controversies." *Fortner*

*v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words,

an issue is moot when it has no practical significance, being instead merely

hypothetical or academic.

*Bradley v. Ohio Dept. of Job and Family Services* 10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶ 11.

**{¶18}** Although the mootness doctrine has exceptions, none apply in the case at bar. See, e.g., *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus(noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

**{¶19}** A court may take judicial notice of mootness. "An event that causes a case to be moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92, 94."

**{¶20}** Regarding the mootness of issues in criminal cases, the Ohio Supreme Court has held,

A person convicted of a felony has a substantial stake in the

judgment of conviction which survives the satisfaction of the judgment

imposed upon him or her. Therefore, an appeal challenging a felony

conviction is not moot even if the entire sentence has been satisfied before

the matter is heard on appeal. (*State v. Wilson* (1975), 41 Ohio St.2d 236,

70 O.O.2d 431, 325 N.E.2d 236, and *State v. Berndt* (1987), 29 Ohio St.3d

3, 29 OBR 173, 504 N.E.2d 712, distinguished; *State v. Williams* (1992), 80

Ohio App.3d 542, 609 N.E.2d 1307, disapproved.).

*State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109(1994), syllabus.

**{¶21}** The defendant in *Golston* was subject to post-release control. *Golston* was

meant to clarify the Ohio Supreme Court's decision in *State v. Wilson*, 41 Ohio St.2d 236,

325 N.E.2d 236(1975), which held,

> Where a defendant, convicted of a criminal offense, has voluntarily
>
> paid the fine or completed the sentence for that offense, an appeal is moot
>
> when no evidence is offered from which an inference can be drawn that the
>
> defendant will suffer some collateral disability or loss of civil rights from such
>
> judgment or conviction.

41 Ohio St.2d at syllabus, 325 N.E.2d 236. See also, *State v. Ambriez*, 6th Dist. Lucas

No. L-04-1382, 2005-Ohio-5877, ¶ 9.

**{¶22}** In this appeal, appellant challenges his sentence and not his conviction. In

its August 2,  2018 Judgment Entry that revoked Brock's community control, the trial court

sentenced Brock to "twelve months in prison" with credit for 141 days of jail time served

As noted above, appellant's sentence concluded in March 2019. There is no indication

that appellant will suffer any collateral disability or loss of civil rights from the imposition

of the sentence in this case. In *State v. Ambriez,* the Court noted,

> As in *State v. Blivens*, (Sept. 30, 1999), 11th Dist. No. 98-L-189, we
>
> distinguish the instant case from *Golston* since appellant was not subjected
>
> to post-release control. See also *Id.* at 2, 643 N.E.2d 109, stating "an appeal
>
> challenging the actual felony conviction itself is not moot even if the entire

sentence has been satisfied before the matter is heard on appeal." Here, however, appellant only challenges the length of his sentence.

**{¶23}** Accordingly, the questions presented by this appeal are moot as the relief sought can no longer be granted, and the appeal is hereby dismissed sua sponte. *State v. Brock*, 5th Dist. Licking No. 18-CA-10, 2018-Ohio-3404, ¶¶ 19-26

**{¶24}** For the forgoing reasons, appellant's assignment of error is found moot and the appeal is dismissed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.