DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of rape following a plea of no contest and sentenced him to a term of imprisonment.
 {¶ 2} Appointed counsel Susan K. Sharkey has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738, 18 L. Ed. 2d 493, 87 S.Ct. 1396 . In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel for appellant does, however, set forth the following possible assignments of error:
 {¶ 3} "The sentence imposed was not based upon the Court making the proper findings and is, therefore, contrary to law.
 {¶ 4} "Appellant was denied the effective assistance of Counsel because the competency of Appellant to enter a plea of no-contest to the charge of rape was not properly evaluated, denying Appellant his constitutional rights."
 {¶ 5} A review of the record reveals the following relevant facts. On February 24, 2005, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b). The charges were based on allegations appellant, along with co-defendant Misty Davis, engaged in sexual conduct with Davis' sister, who was 12 years old at the time. On April 28, 2005, appellant entered a plea of no contest to one count of rape. The state agreed to the dismissal of the second rape count and to recommend a sentence of no more than eight years. The trial court accepted the plea and found appellant guilty. A presentence investigation and report was ordered and appellant was referred to the Court Diagnostic and Treatment Center for evaluation regarding sexual offender classification. On June 6, 2005, the trial court sentenced appellant to eight years imprisonment. It is from that judgment appellant appeals.
 {¶ 6} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 7} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf. In response, appellant prepared a "brief" which counsel filed with this court. Accordingly, we shall proceed with an examination of appellant's arguments, the potential assignments of error set forth by counsel for appellant, and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 8} We note at the outset that in his "brief" appellant simply attempts to minimize the actions that led to his rape conviction, making excuses for his behavior and attempting to place blame on the victim. Appellant complains that his 8-year sentence is excessive when compared to the 3-year sentence his co-defendant received. These arguments have no merit.
 {¶ 9} We will take appointed counsel's possible assignments of error out of order. As a second possible assignment of error, counsel suggests appellant was denied effective assistance of trial counsel because his competence to stand trial was not properly evaluated before he entered his no contest plea.
 {¶ 10} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 11} After a thorough review of the record of proceedings in the trial court, we are unable to find any indication that trial counsel should have requested a competency evaluation. Upon questioning by the court at the plea hearing, appellant indicated he had been found mentally ill but did not state when that occurred. He stated he was undergoing treatment and was taking his prescribed medications. He further stated he was clear-headed and lucid and felt prepared and competent to enter his plea. Appellant also stated he had sufficient opportunity to discuss the plea with counsel. Appellant indicated he understood the charge against him and the possible prison sentence, that he would be classified as a sex offender, and that he would be subject to five years of post-release control after his release from prison. Appellant also indicated he understood he was waiving certain constitutional rights by entering a no contest plea. Based on the record before us, there is no indication appellant did not understand the proceedings and no reason to conclude trial counsel should have raised the issue of appellant's competence to stand trial.
 {¶ 12} Appellant has not proven there exists a reasonable probability that, were it not for counsel's actions as described above, the result of the hearing would have been different. SeeStrickland, supra. Based on the foregoing, we find trial counsel's representation did not fall below an objective standard of reasonableness and, accordingly, appellant's second possible assignment of error is not well-taken.
 {¶ 13} As the first possible assignment of error, counsel for appellant suggests the trial court did not make the proper findings pursuant to R.C. 2929.14(B) when imposing appellant's greater-than-minimum sentence. Appellant was convicted of rape, a first-degree felony, which carries a minimum sentence of three years and a maximum of ten years. Appellant was sentenced to eight years imprisonment.
 {¶ 14} We find that this case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. This court has reviewed the entire record of proceedings before the trial court. We find that the sentencing court referenced statutes deemed unconstitutional by Foster, which holds that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater-than-minimum sentences. Accordingly, appellant's first possible assignment of error is well-taken.
 {¶ 15} Foster was released while this case was pending on direct review. As such, Foster dictates that appellant's sentence is void, must be vacated, and remanded for resentencing on the basis of non-severed sentencing statutes. Generally, underAnders, if we find merit in any of the propositions raised by appellate counsel or by the appellant, we are to appoint new counsel and afford counsel the opportunity to argue on appeal. However, given that appellant's sentence is contrary to law pursuant to Foster and appellant's second possible assignment of error has merit, we find justice requires an immediate remand to the trial court for resentencing. State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, at ¶ 16; State v. McGee, 4th Dist. No. 04CA15, 2005-Ohio-1585, at ¶ 73.
 {¶ 16} On consideration whereof, the decision of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. Appellant must be resentenced by the trial court on the basis of non-severed sentencing statutes. We hereby grant appellate counsel's motion to withdraw as counsel and instruct the trial court to appoint new counsel to represent appellant at resentencing. The state of Ohio is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. William J. Skow, J. Dennis M. Parish,J. concur.