DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Norman D. Demecs, appeals from a judgment entered by the Fulton County Court of Common Pleas in favor of appellee, the state of Ohio. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. The United States Supreme Court held in Anders that if counsel, following a conscientious examination of his case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744; see also,State v. Duncan (1978), 57 Ohio App.2d 93. Along with the request to withdraw, counsel must submit a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also provide a copy of the brief to his client, and must do so within such time as would allow the client the opportunity to raise any matters he chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is, in fact, wholly frivolous. Id. If the appellate court finds in the affirmative, it may grant counsel's request to withdraw and may dismiss the appeal without violating federal requirements, or it may proceed to a decision on the merits if state law so requires. Id. On the other hand, if the appellate court finds any legal point to be arguable on its merits, the court must afford the indigent the assistance of counsel to argue the appeal. Id.
 {¶ 3} Counsel in the instant case has filed a request to withdraw together with a brief identifying several aspects the judgment that could arguably support the appeal. Counsel states that after conducting a thorough search of the record and applicable law he was unable to find any legitimate grounds for appeal. In addition, counsel states that he informed appellant of his findings and, further, furnished him with a copy of his brief as originally filed.[1]
 {¶ 4} Because appellant's counsel has satisfied the Anders
requirements, we proceed to an examination of the record below in order to determine whether this appeal is, as appellant's counsel represents, entirely frivolous.
 {¶ 5} The facts, as set forth in the record, are as follows. On February 17, 2005, appellant was indicted on one count of theft, in violation of R.C 2913.02(A)(1), a felony of the fifth degree. The matter proceeded to jury trial, and on July 15, 2005, the jury returned a verdict finding appellant guilty of complicity to commit theft, in violation of R.C. 2913.02(A)(1) and R.C. 2923.03. Like the original charge, the charge with which appellant was ultimately convicted was a felony of the fifth degree. On July 25, 2005, appellant was sentenced to a definite prison term of 11 months.
 {¶ 6} Evidence adduced at trial established the following facts in support of appellant's conviction. On November 24, 2004, appellant, together with his wife, Tana, and an associate, Mark Bull, drove from their home in Toledo to the Chief Supermarket in Wauseon. Upon arriving at the supermarket, at approximately 9:00 p.m., appellant remained in the car while Tana and Bull went into the store. A witness subsequently observed Tana and a man leaving the store with a cart filled with unbagged items. The witness reported this observation to store personnel. A store employee, Pauline Mahan, went over to the car, where she saw appellant and Tana putting the items into a car. When Mahan asked to see a receipt for the items, appellant told her that he did not have a receipt but that he could take her to the cashier whom he had paid. Mahan agreed to talk to the cashier, and started walking toward the store with appellant. Tana quickly got into the car and pulled up to appellant. He jumped in the car, and the two sped off with a trunk full of merchandise.
 {¶ 7} Mahan returned to the store and told another store employee to call the police. Around this time, a witness in the store reported to Mahan that he had seen a third person, a man, pushing a shopping cart around the parking lot. The person was later found at a nearby restaurant and identified as Mark Bull. The cart that had been abandoned by Bull was located and taken into the store, where all of the items from the cart were identified and priced. The value of the items, which included 42 cans of powdered baby formula, was $574.29. The value of the baby formula, alone, was $503.58.
 {¶ 8} At trial, Bull testified that his purpose in coming to Wauseon was to steal baby formula that could be fenced back in Toledo. He stated that he had "probably" discussed the plan with appellant during the trip to the store. Bull further stated that once he and Tana got inside the store, he lost track of her and went off by himself and filled a grocery cart. He pushed it to the front door and left it there. He then filled another grocery cart and took it to the front door. He stated that he did not see the first cart when he got to the door. When he went outside with the second cart, he did not see appellant, Tana, or the car in which they had traveled. Appellant admitted that he had not paid for any of the merchandise, and that, in fact, he had stolen it.
 {¶ 9} At the close of the evidence, in an in camera discussion, counsel for appellant suggested that the state had failed to prove its case. The trial court agreed that the state had not met its burden as to the charged theft offense, but informed the parties that it would instruct the jury on the offense of complicity. Thereafter, the trial court orally instructed the jury. Defense counsel neither objected to the instructions as given nor requested that the instructions be provided in writing.
 {¶ 10} Appellant's counsel sets forth in his brief the following potential assignments of error involving:
 {¶ 11} I. "WHETHER APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INSTRUCTIONS PROVIDED BY THE JURY."
 {¶ 12} II. "WHETHER APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A CONTINUANCE IN ORDER TO HAVE ADDITIONAL TIME TO PREPARE FOR TRIAL."
 {¶ 13} III. "WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO GIVE ALL INSTRUCTIONS TO THE JURY IN WRITING AS REQUIRED BY CRIM.R. 30."
 {¶ 14} IV. "WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING PROVIDING THE JURY WITH A COMPLICITY INSTRUCTION."
 {¶ 15} Because appellant's first and second assignments of error both involve questions regarding the effectiveness of counsel, we will examine them together. In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus.
 {¶ 16} Appellant suggests three reasons to support his claim that trial counsel was ineffective in this case: (1) she failed to ask the trial court to provide all instructions to the jury in writing in compliance with Crim.R. 30; (2) she should have objected to the jury instruction on complicity; and (3) she had insufficient time to prepare for trial.
 {¶ 17} Crim.R. 30(A), as amended effective July 1, 2005, relevantly provides: "The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record." Upon our review of the record, we find that there is no reasonable probability that had defense counsel requested written jury instructions for the jury — or even had the jury actually received written instructions — the result of the case would have been any different. Thus, even assuming for purposes of this discussion that defense counsel's failure to request the written instructions was error, such error in no way prejudiced the defense. See Strickland, supra; Bradley, supra. Appellant has therefore failed to establish the second prong of theStrickland test. We note that "[w]here an accused has failed to prove one prong of the Strickland two-part test, a reviewing court need not consider the other prong. State v. Madrigal,87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Strickland, supra, at 697.
 {¶ 18} Next, we turn to the question of whether defense counsel should have objected to the jury instruction on complicity. The law is well settled that "the prosecution may charge and try an aider and abettor as a principal[,] and if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given." State v. Wagers
(Sept. 20, 1993), Butler App. No. CA92-11-231, unreported. In addition, R.C. 2923.03(F) provides that an accomplice to the commission of an offense shall be prosecuted and punished as if he were a principal offender. R.C. 2923.03(F); see also, Statev. Tumbleson (1995), 105 Ohio App.3d 693, 697. In the instant case, the evidence established that appellant drove Mark Bull to the Chief Supermarket for the purpose of stealing merchandise, that he waited outside for the stolen items to be brought out, and that he helped load some of the stolen merchandise into the car. Because there was abundant evidence to show that appellant aided and abetted Bull, the complicity instruction was entirely proper. Thus, it was clearly not error for defense counsel to fail to object to that instruction.
 {¶ 19} In his third proposed assignment of error, appellant argues that defense counsel, who was appointed about 30 days before the scheduled trial date, had insufficient time to prepare for his trial. Defense counsel, however, never made any suggestion that she did not have enough time to prepare for trial. Nor did she ask for a continuance. Under Ohio law, a properly licensed attorney is presumed to be competent. State v.Smith (1985), 17 Ohio St.3d 98, 100, citing Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301. Further, there is nothing in the record to indicate that the results of the trial would have been any different had defense counsel had additional time. SeeStrickland, supra; Bradley, supra.
 {¶ 20} Because appellant has utterly failed to satisfy the two-part Strickland test, his first and second potential assignments of error are found not well-taken.
 {¶ 21} Potential Assignments of Error III and IV both involve claims that the trial court committed plain error with regard to the jury instructions. Accordingly, they will be considered together in this analysis. Crim.R. 30(A) relevantly provides that "a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). Thus, by failing to object, an accused waives all but plain error. State v. Stallings, 89 Ohio St.3d 280, 292, 2000-Ohio-164. Plain error is such error as would have clearly resulted in a different outcome had it not been made. State v.Underwood (1983), 3 Ohio St.3d 12.
 {¶ 22} In the instant case, appellant argues that the trial court committed plain error by failing to give all of the instructions to the jury in writing, as required by Crim.R. 30. As we indicated above, it cannot reasonably be argued that had the written instructions been provided to the jury, the outcome of the trial clearly would have been different. Underwood,
supra. Thus, at least in this respect, there was no plain error.
 {¶ 23} Appellant next argues that the trial court committed plain error by providing the jury with the complicity instruction. As discussed above, the complicity instruction was entirely proper in this case, and thus, did not constitute error, at all. Accordingly, appellant's third and fourth potential assignments of error are found not well-taken.
 {¶ 24} Upon our own independent review of the record, we find that appellant was sentenced pursuant to an unconstitutional statute — specifically, R.C. 2929.14(B), which provides for an upward deviation from statutory minimum sentences upon certain findings by the trial court. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that R.C.2929.14(B) is unconstitutional, as a violation of an accused'sSixth Amendment rights, because a jury alone does not determine the sentence. Id., at ¶ 61, citing Blakely v. Washington
(2004), 542 U.S. 296. In light of the holding of Foster, we find that appellant's sentence is void and must be vacated and remanded to the trial court for resentencing in conformity with applicable sentencing statutes.
 {¶ 25} For the foregoing reasons, the judgment of the Fulton County Court of Common Pleas is affirmed in part and reversed in part. Appellant's finding of guilt is affirmed, and the appeal of that aspect of the trial court's judgment is found to be without merit and wholly frivolous. Appellant's sentence, on the other hand, because it is void, is reversed and vacated. Generally, under Anders, if we find any error meriting review, we would appoint new counsel and afford appellant the opportunity for oral argument. Since appellant's sentence is contrary to law pursuant to Foster, however, we conclude that justice requires immediate remand for resentencing within the applicable statutory range. See State v. Lauharn, 6th Dist. No. L-05-1218, 2006-Ohio-1233, at ¶ 15; State v. Embry, 6th Dist. No. L-03-1114, 2006 Ohio 729, at ¶ 16; State v. McGhee, 4th Dist. No. 04CA15, 2005 Ohio 1585, at ¶ 73.
 {¶ 26} We hereby grant appellate counsel's motion to withdraw as counsel and instruct the trial court to appoint new counsel to represent appellant at resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., concur.
[1] Appellant did not file a pro se brief or otherwise respond to counsel's request to withdraw.