[Cite as *State v. Morehouse*, 2019-Ohio-884.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 18 CA 0036 |
| KYLE MOREHOUSE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  17 CR 0060


JUDGMENT:                       Dismissed


DATE OF JUDGMENT ENTRY:         March 14, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

NATE HURST                                KEVIN J. GALL
ASSISTANT PROSECUTOR                      DALSANTO & GALL, LLC
20 South Second Street                    33 West Main Street, Suite 106
Newark, Ohio  43055                       Newark, Ohio  43055

*Wise, John, J.*

{¶1} Appellant Kyle Morehouse appeals the decision of the Court of Common Pleas, Licking County, revoking his previously-ordered community control sanction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On January 26, 2017, the Licking County Grand Jury indicted appellant on one count of forgery, a felony of the fifth degree, and one count of theft, also a felony of the fifth degree.

{¶3} On July 12, 2017, appellant withdrew his previously-entered plea of not guilty and entered a plea of guilty to both counts contained in the indictment. On July 31, 2017, the trial court sentenced appellant to a three-year term of community control, with a suspended prison sentence of eleven months.

{¶4} On April 20, 2018, the State filed a motion to revoke appellant's community control, alleging that he had moved from a reported address and failed to inform his parole officer, that he had been named in a police report in Pataskala, Ohio, for the theft of a "fit bit" device, that he had failed to complete court-ordered drug and alcohol treatment, that he had "tested positive for and/or admitted to use of marijuana," and that he had failed to provide verification of his employment. On May 7, 2018, Licking County Common Pleas Court Adult Court Services ("ACS") completed a supplemental memorandum asserting *inter alia* that appellant "frequently uses known tactics to avoid being held accountable including attempting to reschedule his appointments at the last minute or diluting his urine hoping to avoid detection of any drug use."

{¶5} Appellant initially entered a denial to the allegations in the motion to revoke.

**{¶6}** On May 9, 2018, the trial court held a second stage hearing. During the hearing, appellant admitted to the alleged violations in the motion. The court accepted the waiver and admissions and found that appellant had violated his community control. The trial court thereupon determined that appellant was not amenable to community control and ordered that the defendant-appellant serve the suspended eleven-month prison term.

**{¶7}** On May 9, 2018, appellant filed a notice of appeal.

**{¶8}** However, on August 16, 2018, subsequent to the notice of appeal, the trial court held a hearing upon appellant's request for judicial release. *See* State's Response Brief, Exhibit 3. The trial court determined appellant was amenable to community control, and granted the request for judicial release.

**{¶9}** Appellant presently raises the following two Assignments of Error:

**{¶10}** "I. THE TRIAL COURT ERRED IN IMPOSING THE SENTENCING [SIC] THE DEFENDANT-APPELLANT TO A PRISON TERM IN EXCESS OF WHAT IS ALLOWED UNDER 2929.15(B)(1)(c)(i).

**{¶11}** "II. THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS DUE PROCESS RIGHTS WHEN HE WAS SENTENCED BASED UPON ALLEGATIONS NOT CONTAINED WITHIN THE MOTION TO REVOKE."

I., II.

**{¶12}** As an initial matter, we address the State's initial responsive argument that the present appeal is moot based on appellant's judicial release on August 16, 2018.

**{¶13}** We have recognized that where a defendant, convicted of a *misdemeanor* criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn

that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. *See State v. Luce*, 5th Dist. Ashland No. 17 COA 040, 2018-Ohio-3865, ¶ 43 (additional citations omitted). But the Ohio Supreme Court has held that *felony* convictions result in collateral disabilities as a matter of law. *State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527, ¶ 3, citing *State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus.

**{¶14}** Nonetheless, application of the *Golston* rule is not automatic in appeals of sentences following the revocation of community control in felony cases. In the case *sub judice*, appellant is challenging the imposition of his eleven-month term of incarceration upon revocation of community control, which term was cut short due to judicial release. Furthermore, the record reveals that no fine was ordered in the revocation entry. We have recognized that where an appellant does not challenge the underlying conviction, but solely challenges the imposition of sentence following revocation of community control, the appeal becomes moot where the appellant has served his or her sentence in its entirety. *See State v. York*, 5th Dist. Fairfield No. 17-CA-20, 2018-Ohio-1134, ¶ 8.

**{¶15}** In addition, while we recognize in this instance that the trial court upon revocation did assess an unspecified amount of "all costs of prosecution and court costs," appellant has not herein argued that he will suffer any collateral disability as a result or asserted that he has not voluntarily paid these costs. *See Middleburg Hts. v. McClellan*, 8th Dist. Cuyahoga No. 103212, 2016-Ohio-816, ¶ 9.

**{¶16}** Finally, while we must also recognize that the intervening judicial release entry of August 16, 2018 did order appellant into a halfway house program and again impose three years of community control, we find the tenor of appellant's brief centers on

the revocation sentence's exceeding of ninety days (*see* R.C. 2929.15(B)(1)(c)(i)), and he has not filed a reply brief to address the justiciability issue that has arisen in the present appeal as a result of the trial court's judicial release decision.

{¶17} Appellant's First and Second Assignments of Error are therefore found moot.

{¶18} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby dismissed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.


JWW/d 0206