[Cite as *State v. Woodley*, 2024-Ohio-1867.]

COURT OF APPEALS
COLUMBIANA COUNTY, OHIO
SEVENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Sitting by Assignment by the Ohio |
| | : | Supreme Court |
| | : | |
| QUAMIRR WOODLEY | : | Case No. 2023-CO-48 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Columbiana
Municipal Court, Case No. 2022-
CRB-01107

JUDGMENT:      Dismissed

DATE OF JUDGMENT:      May 14, 2024

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

SHELLEY M. PRATT                         MICHAEL P. DUNHAM
135 South Market Street                  3383 West 123 Street, Apt. 1

Lisbon, OH  44432                              Cleveland, OH  44111
*King, J.*

{¶ 1}  Defendant-Appellant Qamirr Woodley appeals the October 17, 2023 judgment of conviction and sentence of the Columbiana County Municipal Court. Plaintiff-Appellee the state of Ohio.

{¶ 2}   On June 16, 2022, members of the Liverpool Township Police Department were dispatched to a residence on Inez Road in East Liverpool for a report of a possible domestic violence. Upon arrival, Woodley was standing in the driveway and his girlfriend was sitting in a red SUV. Woodley was smoking marijuana and refused to provide officers with his information when asked for the same. Woodley stated he had a medical marijuana card, but also refused to provide officers with verification of that claim. When officers attempted to detain Woodley, he became combative and a scuffle ensued between he and the officers. One officer was injured before Woodley was tased, handcuffed, and taken into custody.

{¶ 3}   Woodley was subsequently charged with one count each of resisting arrest and obstructing official business, misdemeanors of the second degree.

{¶ 4}   Woodley pled not guilty to the charges and elected to proceed to a bench trial which took place on September 14, 2023. At the conclusion of evidence, the trial court found Woodley guilty as charged. Woodley was sentenced to 10 days jail time on each count to be served concurrently, and a $250 fine on each count. Our review of the record reveals Woodley did not request a stay of his sentence pending this appeal. Further, counsel for Woodley indicates Woodley served the entirety of his sentence. See reply brief of Defendant-Appellant at 9, footnote 4.

{¶ 5}　Woodley filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 6}　"UNDER OHIO LAW, A PERSON CAN ONLY BE CONVICTED OF OBSTRUCTION OF OFFICIAL BUSINESS WHEN AN OVERT ACT OCCURS, NOT AN OMISSION. A SUSPECT CANNOT BE REQUIRED TO PROVIDE IDENTIFICATION UNLESS THERE IS A REASONABLE SUSPICION. RESISTING ARREST REQUIRES EITHER FORCE OR RECKLESSNESS IN RESISTANCE TO A LAWFUL ARREST. THE TRIAL COURT ERRED IN CONVICTING MR. WOODLEY BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO CONVICT HIM OF THE CHARGES OF OBSTRUCTION OF OFFICIAL BUSINESS AND RESISTING ARREST."

II

{¶ 7}　"THE TRIAL COURT ERRED IN CONVICTING MR. WOODLEY BECAUSE HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶ 8}　"A DEFENDANT HAS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. WHEN AN APPOINTED ATTORNEY AND A DEFENDANT HAVE A BREAKDOWN OF RELATIONSHIP, THEN THE COUNSEL SHOULD BE SUBSTITUTED. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING MR. WOODLEY'S REQUEST FOR SUBSTITUTION OF COUNSEL."

{¶ 9}　Before we may address Woodley's assignments of error, we must first determine if the appeal is moot.

{¶ 10} The Supreme Court of Ohio has held "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. This rule is applicable only to misdemeanor convictions as the Supreme Court of Ohio has held that felony convictions result in collateral disabilities as a matter of law. *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. See also, *State v. Morehouse*, 5th Dist. Licking No. 18CA0036 2019-Ohio-884, ¶ 13.

{¶ 11} Woodley's appeal is therefore moot unless he demonstrates he served his sentences for two second degree misdemeanors involuntarily, or that he suffered some collateral disability or loss of civil rights. As noted in our statement of facts, Woodley did not seek a stay of his sentence pending appeal. Further, Woodley's brief is silent as to question of mootness.

{¶ 12} Because Woodley has served his sentence in this case and has not shown that he did so involuntarily or that he has or will suffer a collateral consequence due to his conviction, his three assignments of error are moot.

{¶ 13} The appeal is dismissed.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.

AJK/rw