**[Cite as *State v. Neal*, 2024-Ohio-5305.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                Court of Appeals No.  L-23-1231

      Appellee                                           Trial Court No.  CR0202101152

v.

Zachary Neal                                          **DECISION AND JUDGMENT**

      Appellant                                          Decided: November 1, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from September 1 and 14, 2023 judgments of the Lucas County Court of Common Pleas, revoking appellant's community control, denying appellant's motion for jail-time credit, and partially denying appellant's motions to modify his sentence.  For the reasons set forth below, this court finds that, given the unique facts and circumstances of this case, in which appellant's first and second assignments of error were previously dismissed by this court and are now moot, and

appellant's third assignment of error, while not previously dismissed by this court, is premised upon the dispute of jail-time credit on a sentence that has been fully served, this appeal is moot and the judgment of the trial court is hereby affirmed.

{¶ 2} Appellant, Zachary Neal, sets forth the following three assignments of error:

"1. The trial court's decision was against the manifest weight of [the] evidence to add the additional term of 180 [days] at CCNO.

"2. It was against the manifest weight of [the] evidence to deny appellant's motion to modify sentencing.

"3. Appellant [] did not voluntarily [] make his brief moot."

{¶ 3} The following undisputed facts are relevant to this appeal. On January 28, 2021 appellant was indicted on one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree, and one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19, a misdemeanor of the first degree.

{¶ 4} On March 2, 2021, pursuant to a negotiated plea agreement, appellant pled guilty to one amended count of attempted possession of a weapon while under disability, as reduced to a felony of the fourth degree, and to the remaining count of operating a motor vehicle while under the influence of alcohol. On March 19, 2021, appellant was sentenced to a five-year term of community control, ordered to be served concurrently with a Fulton County sentence imposed on a separate case, along with a six-month commitment to the Correctional Treatment Facility ("CTF"), with the possibility of

2.

readmission to CTF for any remaining time in the event of a breach of CTF aftercare guidelines, and a referral to the Lucas County drug court, with orders to successfully complete the program.

{¶ 5} Appellant subsequently filed two pro se motions to modify, on May 5, 2022, and July 6, 2022, respectively. The trial court denied the first motion, and partially granted the second motion, eliminating the requirements of CTF service and participation in the drug court program.

{¶ 6} Thereafter, on April 13, 2023, appellant was found to be in violation of the terms of community control, placed on electronic monitoring, and was referred to the adult treatment court. On May 25, 2023, appellant was found to be in violation of the adult treatment court guidelines, and a 90-day commitment to CTF was imposed.

{¶ 7} On July 10, 2023, appellant was again found to be in violation, having first used an electronic cigarette, and then intentionally flooding his cell in response to being segregated as a consequence of the initial violation. On September 1, 2023, based upon these violations, appellant's community control was unsuccessfully terminated and a 180-day term of imprisonment at CCNO was imposed. Appellant then filed a pro se motion for modification of the sentence, disputing the amount of jail-time credit that was awarded. On September 14, 2023, the motions were denied. This appeal ensued.

{¶ 8} On March 21, 2024, this court sua sponte dismissed the bulk of this appeal. This court held, in relevant part, "We find that appellant filed the notice of appeal late as to the September 1, 2023 judgment. Furthermore, the appeal from the September 14,

3.

2023 judgment denying appellant's motion to modify is dismissed for lack of a final, appealable order." Accordingly, this court further held that, "[T]he appeal from the September 1, 2023 community control violation finding and sentencing entry and the September 14, 2023 order denying appellant's motion to modify the sentence are dismissed. The appeal from the September 14, 2023 judgment denying appellant's motion for jail-time credit [is the sole issue that] remains pending."

{¶ 9} In the first assignment of error, appellant argues that the trial court's September 1, 2023 judgment imposing a 180-day term of imprisonment at CCNO as a result of appellant's community control violation was against the manifest weight of the evidence.

{¶ 10} As this court held in our March 21, 2024 partial dismissal of this case, "[A]ccording to [App.R. 4(A)(1)] the last day on which this appeal could have been timely filed from the September 1, 2023 final judgment was October 2, 2023 * * * [A]ppellant filed the notice of appeal from the September 1, 2023 final judgment nine days late * * * The court orders this appeal dismissed as to the September 1, 2023 judgment."

{¶ 11} Thus, this court previously dismissed the portion of this appeal underlying appellant's first assignment of error and, accordingly, we find the first assignment of error to be moot.

4.

{¶ 12} In the second assignment of error, appellant argues that the trial court's September 14, 2023 denial of appellant's motion to modify sentence was against the manifest weight of the evidence.

{¶ 13} As this court held in our March 21, 2024 partial dismissal of this case, "We find the September 14, 2023 judgment denying appellant's motion to modify his sentence is not a final, appealable order * * * and the appeal from that judgment is dismissed for lack of a final, appealable order."

{¶ 14} Thus, this court previously dismissed the portion of this appeal underlying appellant's second assignment of error and, accordingly, we find the second assignment of error to be moot.

{¶ 15} In the third assignment of error, appellant argues that the trial court's September 14, 2023 denial of appellant's motion for jail time credit is not moot, while simultaneously acknowledging that he has fully served the underlying sentence and has been released.

{¶ 16} As this court held in our March 21, 2024 partial dismissal of this case, "The appeal from the September 14, 2023 judgment denying appellant's motion for jail-time credit [is the sole issue that] remains pending." Accordingly, we shall proceed with consideration of the merits of the third assignment of error.

> Recent rulings of this court, explicitly resolving this sole remaining issue, govern our disposition. As this court held in *State v. Russell*, 2023-Ohio-3547, ¶ 10 (6th Dist.), Although an offender can seek review of a trial court's refusal to grant jail time credit by filing an appeal of the court's judgment, *such an appeal is rendered moot once the appellant is released. State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859

N.E.2d 928, ¶ 6; *State v. McCormick*, 6th Dist. Wood No. WD-15-078, 2016-Ohio-8009, ¶ 9. Because an appeal concerning jail time credit involves the appellant's sentence length, not the underlying conviction, *the appellant suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served*. *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10. (Emphasis added).

{¶ 17} Based upon the foregoing, given that the record shows that appellant has likewise fully served the subject sentence and has been released, in accord with *Russell*, the third assignment of error is rendered moot and, therefore, it is found not well-taken.

{¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                  _____
                                                          JUDGE

Gene A. Zmuda, J.            

                                                 _____
Charles E. Sulek, P.J.                                             JUDGE
CONCUR.

                                                 _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.