[Cite as *State v. Russell*, **2023-Ohio-3547.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-005

    Appellee                              Trial Court No.  2020CR0017

v.

Elizabeth Russell                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  September 29, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Elizabeth Russell, appeals from the January 12, 2023 judgment of

the Wood County Court of Common Pleas ordering her to serve a 180-day jail sanction

for violating the terms of her community control, arguing the trial court improperly

denied her jail-time credit.  Because Russell completed her jail sanction and has been

released, her appeal is now moot and is therefore dismissed.

## I.      Background

{¶ 2} On June 16, 2020, Russell pleaded guilty to possession of cocaine, and the trial court placed her in an intervention in lieu of conviction program under the supervision of the Wood County Adult Probation Department for a period of two years. Russell subsequently committed multiple violations of the terms of her intervention. She stipulated to each of the violations.

{¶ 3} Due to Russell's violations, the state moved to revoke her intervention in lieu of conviction and impose sentence. The trial court placed her on three years of community control and reserved a 12-month sentence for her cocaine possession conviction if she violated the terms of her community control. Russell then committed multiple violations of the terms of her community control, and she stipulated to these violations as well.

{¶ 4} On May 5, 2022, the state of Ohio filed a petition seeking revocation of community control, and Russell was arrested on December 20, 2022. On January 10, 2023, following the hearing on Russell's violations, the trial court ordered Russell to serve 180 days in jail for violating the terms of her community control. Although Russell had been in jail since her December 20, 2022 arrest, the court denied Russell jail-time credit toward her sanction.

{¶ 5} Russell filed a notice of appeal on February 1, 2023, and her sole assignment of error concerns the trial court's denial of jail-time credit.

2.

**{¶ 6}** On July 10, 2023, the state filed a suggestion of mootness pursuant to 6th Dist.Loc.App.R. 10(I), arguing that the issue of jail-time credit was rendered moot because she completed her jail sanction related to her community control violations on June 15, 2023. Russell did not file a response.

## II.     Assignment of Error

**{¶ 7}** Russell asserts the following assignment of error for our review:

> The trial court erred in not granting Ms. Russell credit for the days in jail on a warrant with a bond set for violating community control that she served prior to her statutorily maximum residential community control sanction being imposed, resulting sentence contrary to law.

## III.     Law and Analysis

**{¶ 8}** In her single assignment or error, Russell argues that the trial court's order imposing a 180-day jail sanction for violating community control unlawfully denied her jail-time credit for the 22 days she served between her arrest and the order date. Relying on R.C. 2929.16(A)(2), which authorizes a court to issue a jail-time sanction for a violation of community control of up to six months, Russell contends that because she was in jail for those 22 days because of her community-control violation, she should receive credit for those days towards her sanction. Russell further contends that denying her credit for time she served while awaiting her hearing has the effect of imposing a

sanction of greater than six months in violation of R.C. 2929.16(A)(2). As a result, Russell argues that her sentence should be modified.

{¶ 9} The merits of Russell's assignment of error, however, cannot be addressed because the completion of her jail-time sanction renders her appeal moot.

{¶ 10} Although an offender can seek review of a trial court's refusal to grant jail-time credit by filing an appeal of the court's judgment, such an appeal is rendered moot once the appellant is released. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6; *State v. McCormick*, 6th Dist. Wood No. WD-15-078, 2016-Ohio-8009, ¶ 9. Because an appeal concerning jail-time credit involves the appellant's sentence length, not the underlying conviction, the appellant suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served. *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10.

{¶ 11} Here, Russell's appeal solely concerns whether she was entitled to jail-time credit. Because Russell was released from jail on June 15, 2023, her appeal is now moot and is therefore dismissed.

4.

## IV.    Conclusion

{¶ 12} For the foregoing reasons, Russell's appeal of the January 12, 2023 judgment of the Wood County Court of Common Pleas is dismissed.  Russell is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment moot and<br>appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.             _____
                                             JUDGE

Myron C. Duhart, P.J.          

                                             _____
Charles E. Sulek, J.                              JUDGE
CONCUR.

                                             _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.