[Cite as *State v. Solomon*, 2025-Ohio-1378.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                       Court of Appeals No.  WD-24-053

     Appellee                                    Trial Court No. 2023 CR 0428

v.

Isaiah Solomon                                 **DECISION AND JUDGMENT**

     Appellant                                   Decided: April 17, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} The defendant-appellant, Isaiah Solomon, appeals the June 13, 2024 judgment of the Wood County Court of Common Pleas that denied his motion for jail-time credit.  Because Solomon completed his incarceration sanction and has been released, his appeal is now moot and is therefore dismissed.

## I. Background

{¶ 2} Solomon pled guilty plea to the offense of violating a protection order, in violation of R.C. 2919.27(A)(1) a felony of the fifth degree, and the trial court sentenced him to serve 11 months in the Wood County Justice Center on March 1, 2024. The court ordered that the sentence be served concurrently to the sentence Solomon was serving in the Ohio Department of Rehabilitation and Correction (Youngstown) for convictions in Fulton County and Williams County. The court's judgment entry includes the following provision with regard to Solomon's sentence:

> If the defendant is released from prison prior to the completion of this sentence he shall be transported to the Wood County Justice Center to serve the remaining days on this sentence. . . Defendant is to be given credit for jail time as specified in R.C. 2967.191. The Court has been informed that the defendant has been incarcerated for zero (0) days in the Wood County Justice Center as of the sentencing date.

{¶ 3} Soloman did not appeal. On May 28, 2024, Solomon filed a motion in the trial court for jail time credit. Solomon claimed to have spent 154 days in the Wood County Justice Center, while being held on bond, from September 25, 2023, until his sentencing date of February 26, 2024. The trial court denied Solomon's motion on June 13, 2024, which Solomon did appeal.

{¶ 4} In his sole assignment of error, Solomon argues that, "[t]he trial court erred when it denied appellant's motion for jail time credit when its sentence was concurrent to unrelated cases."

{¶ 5} On March 7, 2025, after the matter had been fully briefed, the state filed a suggestion of mootness pursuant to 6th Dist.Loc.App.R. 10(I). It argued that the issue of

2.

jail-time credit was rendered moot because Solomon completed his jail sanction on January 24, 2025. Attached to the state's brief was a printout from the Wood County Sheriff's Office, indicating Solomon's "expected release date 01/24/2025." The docket entry from the Wood County Clerk of Court's website confirms that Solomon was "Discharged from Jail on 1/24/2025. 10:48." (*State v. Soloman,* Wood County Court of Common Pleas case No. 2023CR0428). *See State ex rel. Brown v. Ohio Dep't of Rehab. & Corr.,* 2014-Ohio-2348, ¶ 2, fn. 1, citing *Pewitt v. Lorain Corr. Inst.,* 64 Ohio St.3d 470, 472 (1992) ("An event that causes a case to become moot may be proved by extrinsic evidence.").

{¶ 6} Solomon did not file a response to the state's suggestion of mootness.

## II. Law and Analysis

{¶ 7} "Because an appeal concerning jail-time credit involves the appellant's sentence length, not the underlying conviction, the appellant suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served. *State v. Russell,* 2023-Ohio-3547, ¶ 10 (6th Dist.), citing *State v. Ambriez*, 2005-Ohio-5877, ¶ 10 (6th Dist.). Therefore, "[a]lthough an offender may seek review of a trial court's refusal to grant jail-time credit by filing an appeal of the court's judgment, such an appeal is rendered moot once the appellant is released." *Russell*, citing *State ex rel. Gordon v. Murphy*, 2006-Ohio-6572, ¶ 6; *see also State ex rel. Brown* at ¶ 2 ("Because he has served his full term of incarceration, his action in mandamus seeking jail-time credit is moot.").

3.

**{¶ 8}** Here, Solomon did not appeal his judgment of conviction, and his appeal in the instant case "solely concerns" the issue of whether he was entitled to jail-time credit. As such, it is now moot, in light of his release. *Accord Russell* ("Because Russell was released from jail . . . his appeal is now moot and is therefore dismissed.").

### III. Conclusion

**{¶ 9}** For the foregoing reasons, Solomon's appeal of the June 13, 2024 judgment of the Wood County Court of Common Pleas is dismissed. Solomon is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.          _____
                                                           JUDGE
Gene A. Zmuda, J.

                                          _____
Myron C. Duhart, J.                                 JUDGE
CONCUR.

                                          _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

4.