**[Cite as *State v. Wright*, 2026-Ohio-962.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.L-25-00102, L-25-00103 |
| Appellee | |
| | Trial Court No. CR0202401981, CR0202402298 |
| v. | |
| Todd Wright | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 20, 2026 |

* * * * *

Julia R. Bates, Prosecuting Attorney, and
Lorrie J . Rendle, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.**

*Procedural History*

{¶ 1} This is a consolidated appeal of two separate cases from the Lucas County

Court of Common Pleas.

{¶ 2} In case No. CR 24-2298, appellant, Todd Wright, was charged with

trafficking in cocaine, a violation of R.C. 2925.03, a third -degree felony (Count 1),

possession of cocaine, a violation of R.C. 2925.1l(A)(C)(4)(c) a third-degree felony

(Count 2) and driving under suspension, a violation of R.C. 4510.11(A)and(D)(F) and (G) a first-degree misdemeanor (Count 3).

{¶ 3} In case No. CR 2024-1981, he was charged with Count 1 trafficking in cocaine, violation of R.C. 2925.03(A)(2) and (C)(4)(b) a fourth-degree felony, Count 2 possession of cocaine a violation of 2925.11, a fourth-degree felony, and assault, Count 3, a fourth-degree felony and a violation of R.C. 2903.13(A)(C)(l)(C)(5)(a).

{¶ 4} On October 2, 2024, appellant was before a Lucas County Common Pleas Court judge for a fugitive warrant from the State of Georgia. Appellant was taken into custody and remained detained until he was sentenced on the two criminal felony cases.

{¶ 5} Ultimately, on February 11, 2025 in case No. CR 24-2298, appellant plead to a lesser included offense of trafficking in cocaine, a fourth-degree felony, Count 1, and a violation of 2925.03(A)(2) and (C)(4(c). Wright was sentenced on February 27, 2025, to 12 months in prison, the remaining 2 counts were dismissed.

{¶ 6} On February 11, 2025, for case No. CR24-1981 appellant plead no contest to count 2, possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a) a felony of the fith degree. He was sentenced also on February 27, 2025, to 6 months at ODRC and the other 2 counts were dismissed.

2.

{¶ 7} In both cases, appellant filed a "Motion to Correct Jail Time Credit." On April 15, 2025, the motions in each case were denied by the trial court. It is from these judgments that Wright appeals. Those two cases were consolidated by this court.

## Assignment of Error

{¶ 8} Wright presents a single assignment of error for our review:

The trial court erred in denying appellant jail time credit.

{¶ 9} More specifically, Wright argues that the trial court committed reversible error when it denied appellant credit for time he was detained on a fugitive warrant for a case that arose while appellant was working on resolving the Ohio felony charges and for which he had posted surety bonds.

## Suggestion of Mootness

{¶ 10} On January 14, 2026, the State filed its brief. In that brief, the State attached an exhibit. That exhibit is ostensibly from the website of the Ohio Department of Rehabilitation and Corrections. It represents that the appellant herein, Todd L. Wright was released from incarceration on January 13, 2026. As a result of Wright's release from incarceration, the State argues that his appeal is moot.

{¶ 11} Wright did not file a reply brief nor did he file a response to the State's suggestion of mootness.

## Law and Analysis

{¶ 12} We have consistently held that because an appeal concerning jail-time credit involves the appellant's sentence length, not the underlying conviction, the

3.

appellant suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served. *State v. Russell*, 2023-Ohio-3547, ¶ 10 (6th Dist.), citing *State v. Ambriez*, 2005-Ohio-5877, ¶ 10 (6th Dist.). Therefore, although an offender may seek review of a trial court's refusal to grant jail-time credit by filing an appeal of the court's judgment, such an appeal is rendered moot once the appellant is released. *State v. Solomon*, 2025-Ohio-1378, ¶ 6-9 (6th Dist.).

{¶ 13} Here, Wright did not appeal his judgment of conviction, and his appeal in the instant case concerns only the issue of whether he was entitled to jail-time credit. As such, it is now moot, in light of his release.

## *Conclusion*

{¶ 14} For the foregoing reasons, Wright's appeal of the April 15, 2025 judgment of the Lucas County Court of Common Pleas is dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.  The judgement of the trial court is moot.

Judgment dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.