[Cite as *State v. Thompson*, 2026-Ohio-1005.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Holly Thompson

    Appellant

Court of Appeals No. {87}WD-25-008
{87}WD-25-042

Trial Court No. 2024 CR 0344

**DECISION AND JUDGMENT**

Decided: March 24, 2026

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer A. Kristofferson, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**OSOWIK, J.**

*Procedural History*

{¶ 1} This is a consolidated appeal of both the original sentence and the imposition of incarceration in the Wood County Jail as a result of a community control violation from the Court of Common Pleas of Wood County, Ohio.

{¶ 2} On September 19, 2024, appellant was indicted by the Wood County Grand Jury on one count of Theft, a felony of the fifth degree, in violation of R.C.

2913.02(A)(1), 2913.02(B)(2). The indictment more specifically describes the theft as various Nike merchandise from Kohl's Department Store, valued at one thousand dollars or more and less than seven thousand five hundred dollars.

{¶ 3} On December 19, 2024, Thompson pled guilty to the singular count of the indictment.

{¶ 4} On February 26, 2025, appellant was sentenced to five years of community control subject to the general supervision and control of the Wood County Adult Probation Department, with numerous terms and conditions. Thompson was advised by the court that violations of any of the sanctions may lead to more restrictive sanctions, a longer period of community control, or a prison term of six to twelve months.

{¶ 5} On March 28, 2025 Thompson filed an appeal to this court from that judgment in case No. WD-25-008.

{¶ 6} On June 12, 2025, after having stipulated to a violation of the terms and conditions of her community control, Thompson was terminated from community control and was ordered to serve a period of incarceration of twelve months at the Wood County Jail.

{¶ 7} On July 3, 2025, Thompson filed an appeal to this court from that judgment in case No. WD-25-0042. Those two cases were consolidated by this court.

2.

{¶ 8} Thompson presents three assignments of error for our review.

I.      THE TRIAL COURT ERRED BY FAILING TO GIVE THE DEFENDANT THE STATUTORILY REQUIRED POST-RELEASE CONTROL NOTIFICATIONS AT THE COMMUNITY CONTROL SENTENCING.

II.     THE TRIAL COURT ERRED BY FAILING TO GIVE THE DEFENDANT THE STATUTORILY REQUIRED POST-RELEASE CONTROL NOTIFICATIONS AT THE ORIGINAL SENTENCING HEARING WHERE IT IMPOSED COMMUNITY CONTROL.

III.    THE TRIAL COURT ERRED BY FAILING TO PROVIDE THE VICTIM AN OPPORTUNITY TO BE HEARD PRIOR TO SENTENCING THE DEFENDANT FOR A COMMUNITY CONTROL VIOLATION.

*Suggestion of Mootness*

{¶ 9} On February 17, 2026, the state filed a Suggestion of Mootness pursuant to 6th Dist.Loc.App.R. 10(I), arguing that the issues raised in Thompson's assignments of error were rendered moot because she completed her jail sanction related to her community control violations on January 25, 2026. Thompson filed a response to the suggestion on March 2, 2026.

{¶ 10} Because Thompson's appeal does not challenge her underlying conviction, she suffers no collateral disability or loss of rights that can be addressed by an appellate court once the sentence has been served. *State v. Russell*, 2023-Ohio-3547, ¶ 10 (6th Dist.), citing *State v. Ambriez*, 2005-Ohio-5877 (6th Dist.). Therefore, the merits of

3.

Thompson's assignments cannot be addressed because the completion of her jail-time sanction renders her appeal moot. *Id*. at ¶ 6-9.

Conclusion

**{¶ 11}** For the foregoing reasons, Thompson's appeal of the judgments of the Wood County Court of Common Pleas is dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The trial court judgment is moot and this appeal is dismissed.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.